SAM A. TOCCO,

               **Plaintiff,**          **CIVIL ACTION NO. 08-CV-12328-DT**

    **vs.**

                             **DISTRICT JUDGE GERALD E. ROSEN**

**AURORA LOAN SERVS.,**       **MAGISTRATE JUDGE MONA K. MAJZOUB**
**LLC, et al.,**
               **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** Defendant Aurora Loan Services' Motion to Dismiss or for

Summary Judgment filed pursuant to Fed. R. Civ. P. 12(b)(6) and 56(c) on June 6, 2008 (docket no.

4) should be **GRANTED**.

**II.**    **REPORT:**

    **A.**    **Procedural History, Facts, and Claims**

       Plaintiff filed his Complaint in state court, and Defendant Aurora Loan Services[1] removed

the action to this Court by Notice of Removal filed on May 30, 2008. (Docket no. 1). Plaintiff

alleges in his Complaint that Defendant purchased his mortgage note on March 12, 2007. (*Id.* ex.

A, Complaint ¶ 4). Plaintiff claims that in connection with Defendant's purchase and servicing of

his loan Defendant made false statements, charged a usurious interest rate, conducted business in

Michigan while not authorized to do so, breached "the covenant of good faith" by charging more

interest than the contract allowed, and engaged in outrageous conduct. (*Id.* ¶¶ 4-11). Plaintiff seeks

damages as relief. (*Id.*).

---

[1] Aurora Loan Services is the only Defendant who has appeared in this action.

Defendant denies these allegations and filed the instant Motion to Dismiss or for Summary Judgment. (Docket no. 4). Plaintiff has responded by requesting that this action be remanded to state court. (Docket no. 8). Plaintiff has also filed a "Motion for Discovery" in which he requests that the Court provide documents to him. (Docket no. 7). The requested documents have no effect on the ruling on this motion. Plaintiff's "Motion for Discovery" will be addressed in a separate Order. Defendant's Motion for Summary Judgment is now ready for ruling. All pre-trial matters have been referred to the undersigned for decision. (Docket no. 5). This Court dispenses with oral argument on this motion pursuant to E.D. Mich. LR 7.1(e).

**B.    Standard of Review**

The Court will apply the summary judgment standard because Plaintiff relies upon an affidavit and other documents outside of the pleadings in its motion. *See Vakilian v. Shaw,* 335 F.3d 509, 515 (6th Cir. 2003). Because Defendant filed its motion as one for summary judgment in addition to a motion to dismiss, the Court finds that Plaintiff had sufficient notice of the summary judgment motion.

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on

which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### C.    Analysis

#### 1.    Count 1

Plaintiff in his first Count alleges that the interest rate on his loan is 7.99% per annum. (Complaint ¶ 4).  A statement received by Plaintiff for March 2007 shows that $201.71 of the payment was applied to the principal and $1,997.50 was applied to the interest.  (*Id*.).  Plaintiff alleges that a representation made by Defendant was false.  This representation was apparently that the interest rate was 7.99%.  Plaintiff alleges that these facts show a violation of Mich. Comp. Laws § 450.1931 pertaining to a false statement in an account statement.  (*Id*.).

When read in conjunction with Count Two, it is clear that Plaintiff believes that Defendant is charging him an interest rate of 93% rather than his agreed 7.99% rate.  This is apparently based on the amount of interest credited from his March 2007 payment.  However, the amount credited to interest for this one payment fails to show that Defendant is charging him an interest rate above 7.99% per annum.  Section 450.1931 is a business corporation act statute providing for a penalty if a business makes a false statement in an annual report required by Mich. Comp. Laws § 450.1911. Therefore, this statute does not apply to an alleged false statement in a loan document.  Moreover, Plaintiff has failed to show evidence upon which a jury could reasonably find that Defendant made a false statement.  *See Anderson*, 477 U.S. at 52.  This count should be dismissed.

#### 2.    Count 2

In Count 2 Plaintiff alleges that Defendant is charging him an interest rate of 93% when he never agreed to such a rate.  (Complaint ¶ 5).  He claims that Defendant violated the state usury

statute, Mich. Comp. Laws § 438.32. (*Id.*). This section bars a seller or lender from recovering any interest if an interest rate in excess of the allowed amount is charged. This claim must be dismissed because this section does not create a cause of action but, instead, creates a defense to the payment of a debt. *Wilkerson v. Seder*, 265 N.W.2d 807, 808 (Mich. App. 1978); *Godvin v. North Commerce Financial, Inc.*, 2001 WL 1511854, slip copy at *2 (Mich. App. Nov. 27, 2001). Moreover, the state act itself provides that it does not apply to "the rate of interest on any note, bond or other evidence of indebtedness issued by any corporation, association or person, the issue and rate of interest of which . . . is regulated by any other law of this state, or the United States." Mich. Comp. Laws § 438.31. Federal law regulates the amount of interest that may be charged on a mortgage loan secured by a first lien on residential property. 12 U.S.C. § 1735f-7a. Therefore, by its own terms this state statute is preempted by federal law. Plaintiff's Count 2 should be dismissed for both of these reasons.

### 3. Count 3

In Count 3 Plaintiff claims that Defendant acted in bad faith by not disclosing that it was not authorized to conduct business in Michigan. (Complaint ¶ 6). Plaintiff further claims that in doing so Defendant violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692), the Equal Credit Opportunity Act (15 U.S.C. § 1691), and Mich. Comp. Laws § 339. (*Id.*). Plaintiff's reference to the section 339 is to the Michigan Occupational Code. He fails to allege a violation of this Code.

The Fair Debt Collection Practices Act regulates debt collectors which it defines as someone collecting debts for others, not for themselves. 15 U.S.C. § 1692a(6). There is no evidence that Defendant is attempting to collect a debt other than its own. Therefore, Plaintiff has failed to establish that this Act applies to Defendant. *See Craig v. Park Fin. of Broward County, Inc.*, 390

F. Supp. 2d 1150, 1154 (M.D. Fla. 2005). The Equal Credit Opportunity Act prohibits discrimination based upon certain factors such as race and color. 15 U.S.C. § 1691(a). Plaintiff fails to allege that he was discriminated against based on any prohibited factor. Accordingly, Count 3 should be dismissed.

### 4. Breach of Contract

Plaintiff labels his next Count as "Breach of Contract" rather than Count 4. He alleges that Defendant "breached the covenant of good faith by taking more in interest than allowed for in the Contract." (Complaint ¶ 8). As discussed above, Plaintiff has failed to show that Defendant charged him a higher interest rate than he agreed to in his loan documents. Therefore, this Count should be dismissed.

### 5. Count 4

Plaintiff in this Count alleges that Defendant acted in an outrageous manner based on the above facts and seeks damages. Although Plaintiff does not allege intentional infliction of emotional distress as the basis for this Count, this is the only possible cause of action based on the alleged facts. However, the facts alleged do not show conduct so extreme and outrageous that it went "beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *See Teadt v. Lutheran Church Missouri Synod*, 603 N.W.2d 816, 824 (Mich. App. 1999). Plaintiff therefore fails to show that a genuine issue for trial exists on this claim. Plaintiff's Count 4 should be dismissed.

## III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: August 14, 2008                         s/ Mona K. Majzoub
                                               MONA K. MAJZOUB
                                               UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Sam A. Tocco and Counsel of Record on this date.

Dated: August 14, 2008                    s/ Lisa C. Bartlett
                                          Courtroom Deputy